IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS & ST. JOHN

DERKIS SANCHEZ                      )
                                    )
            Plaintiff,              )
                                    )
      v.                            )          Civil No. 2005-45
                                    )
INNOVATIVE TELEPHONE                )
CORPORATION f/k/a VIRGIN            )
ISLANDS TELEPHONE CORPORATION,      )
                                    )
            Defendant.              )
_____)

ATTORNEYS:

**George M. Miller, Esq.**
St. Thomas, U.S.V.I.
        *For the Plaintiff.*

**Douglas L. Capdeville, Esq.**
St. Croix, U.S.V.I.
        *For the Defendant.*


**<u>MEMORANDUM OPINION</u>**


**GÓMEZ, C.J.**

      Before the Court is the motion of the defendant, Innovative
Telephone Corporation ("Innovative"), for summary judgment
against the plaintiff, Derkis Sanchez ("Sanchez").

**I. <u>FACTUAL AND PROCEDURAL BACKGROUND</u>**

      Beginning June 14, 1978, Innovative leased property located
at No. 73 Kronprindsens Garden Gade on St. Thomas, U.S. Virgin
Islands from R.C. Spencely, Inc. ("Spencely") for use as office

*Sanchez v. Innovative Telephone Corporation*
Civil No. 2005-45
Memorandum Opinion
Page 2

space.  This lease was renewed several times.

In 1983, Innovative had a 1,000-gallon underground storage tank ("UST") installed to hold diesel fuel for the operation of an electric generator.  On or about April 1, 1998, Innovative entered into a contract with defendant Applied Geosciences and Environmental Services, Inc. ("AGES").  The contract provided that AGES would close and remove the UST and install a 550-gallon aboveground storage tank ("AST").  AGES entered into a subcontract with Devira, Inc. ("Devira").  Pursuant to the subcontract, Devira would assist AGES with the decommissioning of the UST.  Sanchez was employed by Devira to work on the decommissioning project.  On March 24, 1999, while Sanchez was cutting the UST with an electric saw, an explosion occurred and Sanchez sustained injuries.

Sanchez brought this breach of contract action against Innovative and AGES to recover damages for the injuries he sustained in the explosion.[1]  Sanchez alleges that Innovative breached its duties under its lease with Spencely, its contract with AGES, and AGES's contract with Devira, by failing to ensure safe working conditions during the decommissioning of the UST. Sanchez further alleges that Innovative breached the terms of its lease with Spencely by having the UST on its premises in the

_____

[1]  AGES has been dismissed as a defendant in this action. (*See* Order, June 26, 2007.)

*Sanchez v. Innovative Telephone Corporation*
Civil No. 2005-45
Memorandum Opinion
Page 3

first place.  Sanchez argues that he is an intended third-party beneficiary of all three of these agreements.

Innovative now moves for summary judgment, asserting that it did not breach the terms of its lease with Spencely, that Sanchez is not an intended third-party beneficiary of Innovative's contract with AGES, and that Innovative did not have a contract with Devira.

## II.  DISCUSSION

### A.    Summary Judgment Standard

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Hersh v. Allen Products Co.*, 789 F.2d 230, 232 (3d Cir. 1986).

The movant has the initial burden of showing there is no genuine issue of material fact, but once this burden is met it shifts to the non-moving party to establish specific facts showing there is a genuine issue for trial. *Gans v. Mundy*, 762 F.2d 338, 342 (3d Cir. 1985).  The movant's initial burden may be discharged by showing there is an absence of evidence to support the non-moving party's case. *See Celotex v. Catrett*, 477 U.S. 317, 325 (1986).  The non-moving party "may not rest upon mere

*Sanchez v. Innovative Telephone Corporation*
Civil No. 2005-45
Memorandum Opinion
Page 4

allegations, general denials, or . . . vague statements . . . ."
*Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir. 1991).
"[T]here is no issue for trial unless there is sufficient
evidence favoring the non-moving party for a jury to return a
verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477
U.S. 242, 249 (1986). "[A]t the summary judgment stage the
judge's function is not himself to weigh the evidence and
determine the truth of the matter but to determine whether there
is a genuine issue for trial." *Id.* In making this determination,
this Court draws all reasonable inferences in favor of the
non-moving party. *See Bd. of Educ. v. Earls*, 536 U.S. 822, 850
(2002); *see also Armbruster v. Unisys Corp.*, 32 F.3d 768, 777 (3d
Cir. 1994).

**B.    Third-Party Beneficiary Law**

"In general, a person must be in privity to a contract to
sue for damages for breach of such contract. However, under
certain conditions a person may sue as a third party beneficiary
to a contract." *Harper v. Government of the Virgin Islands*, Civ.
No. 91-1981, 1982 U.S. Dist. LEXIS 9416, at *6 (D.V.I. Apr. 14,
1982). Under the Restatement of Laws, a third-party beneficiary
is either intended or incidental.[2]  Section 302 defines intended

---

[2]  "In the absence of local law to the contrary, the
Restatement is the authoritative law." *Chase v. Virgin Islands
Port Auth.*, 3 F. Supp. 2d 641, 643 (D.V.I. 1998); 1 V.I.C. § 4.

*Sanchez v. Innovative Telephone Corporation*
Civil No. 2005-45
Memorandum Opinion
Page 5

and incidental beneficiaries as follows:

> (1)  Unless otherwise agreed between promisor and
>      promisee, a beneficiary of a promise is an
>      intended beneficiary if recognition of a right to
>      performance in the beneficiary is appropriate to
>      effectuate the intention of the parties and either
>
>      (a)  the performance of the promise will satisfy
>           an obligation of the promisee to pay money to
>           the beneficiary; or
>
>      (b)  the circumstances indicate that the promisee
>           intends to give the beneficiary the benefit
>           of the promised performance.
>
> (2)  An incidental beneficiary is a beneficiary who is
>      not an intended beneficiary.

Restatement (Second) of Contracts § 302 (1981).  To bring suit on

a contract to which a plaintiff is not a party, the plaintiff

must be an intended third-party beneficiary of the contract. *See*

*Kmart Corp. v. Balfour Beatty, Inc.*, 994 F. Supp. 634, 636

(D.V.I. 1998) (noting that "[a]n intended beneficiary acquires a

right under the contract" while "[a]n incidental beneficiary does

not"); *Paez v. Pittsburgh-Des Moines Corp.*, 21 V.I. 237, 241

(Terr. Ct. 1985).

The underlying question of whether someone is a third-party

beneficiary to a contract is a mixed question of law and fact,

but the appropriate test for third-party beneficiary status is a

question of law. Restatement (Second) of Contracts § 212(2)

(1981); *see also B A Props., Inc. v. Aetna Cas. & Sur. Co.*, 273

F. Supp. 2d 673, 677 (D.V.I. 2003). ("[A] question of

*Sanchez v. Innovative Telephone Corporation*
Civil No. 2005-45
Memorandum Opinion
Page 6

interpretation of an integrated agreement is to be determined as a question of law.")

### III. <u>ANALYSIS</u>

Innovative argues that it is entitled to summary judgment because it did not breach its lease with Spencely, Sanchez is not an intended third-party beneficiary of Innovative's contract with AGES, and Innovative was not a party to the contract between AGES and Devira.  The agreements are each analyzed below.

**A.    Innovative-Spencely Lease**

As a matter of law, Sanchez's claim is viable only if he is an intended third-party beneficiary of the Innovative-Spencely lease.  Remarkably, Innovative blithely ignores this point and suggests that Sanchez could be considered an intended third-party beneficiary of its lease with Spencely, "not due to his employment activity, but rather as a Joe Citizen in the area specified as leased premises," (Def.'s Mem. in Supp. of Mot. for Summ. J. 8.)  That suggestion is neither accurate nor dispositive.  Indeed, as discussed below, the legal threshold for such third-party liability precludes relief for Sanchez and requires judgment as a matter of law for Innovative.

Innovative asserts that it entered into its lease with Spencely for the purpose of maintaining business offices. Innovative further asserts that it thereafter had the UST

*Sanchez v. Innovative Telephone Corporation*
Civil No. 2005-45
Memorandum Opinion
Page 7

installed on the premises it leased from Spencely.[3]

Accompanying Innovative's motion is its lease with Spencely. It is undisputed that the lease does not name Sanchez as a third-party beneficiary. It is also undisputed that nothing in the language of the lease evidences any intent by Innovative and Spencely to benefit Sanchez, or anyone other than the contracting parties for that matter. Innovative has also provided a letter it sent to Spencely to renew the lease. It is undisputed that nothing in that letter demonstrates an intent by Innovative and Spencely to benefit Sanchez by virtue of the lease. Accordingly, the initial burden of showing the absence of any genuine issue of material fact as to Spencely's third-party beneficiary status is met.

---

[3] Innovative submits that the "Rules and Regulations" section of its lease with Spencely provided that

> no Tenant, or any of Tenant's servants, employees, agents, visitors or licensees, shall at any time bring or keep upon the demised premises any inflammable, combustible or explosive fluid or chemical substance . . . .

(Def.'s Mem. of Law 8.) Notwithstanding this provision, Innovative argues that it did not breach the lease because Spencely "gave [Innovative] permission to install the tank to hold fuel for the operation of a generator." (*Id.*) To support this proposition, Innovative provides a copy of a receipt, signed by Spencely, for payment of a building permit for a structure that housed the generator. (Def.'s Mot. for Summ. J., Exh. 1.) Innovative argues that Spencely's permission, "[a]lthough not expressly written, . . . can be implied" from the receipt. (Def.'s Mem. of Law 2 n.1.)

*Sanchez v. Innovative Telephone Corporation*
Civil No. 2005-45
Memorandum Opinion
Page 8

Despite the absence of any evidence in the lease or the renewal letter of an intent to benefit him, Sanchez argues that he "is a third-party beneficiary of the [l]ease."[4] (Pl.'s Opp'n. to Mot. for Summ. J. 16.)  In support of that argument, Sanchez provides a Counterstatement of Disputed Material Facts in which he states no facts.  Instead, Sanchez poses four questions.[5]  In

---

[4]   Even though Innovative does not seek summary judgment on the basis of this issue, the Court is not precluded from granting relief on that very basis. *See, e.g., Dorsey v. McQuillian*, Civ. No. 94-3578, 1997 U.S. Dist. LEXIS 19849 (S.D.N.Y. Dec. 15, 1997) (awarding summary judgment for the defendants for reasons not raised by the defendants).  Indeed, Sanchez fully availed himself of the opportunity to brief the issue in his opposition to Innovative's motion. *See, e.g., Hughes v. UnumProvident Corp.*, Civ. No. 04-632, 2006 U.S. Dist. LEXIS 1400, at *22 (M.D.N.C. Jan. 10, 2006) (noting that "summary judgment is appropriate where . . . the parties have had ample opportunity to brief the issue and the issue before the Court is a straightforward, discrete legal issue").

[5]  Those four questions are as follows:

1.  What was the intent of [Spencely], [Innovative], [AGES] and [Devira] with respect to creating and maintaining a safe working environment . . . .?
2.  In the context of their various contracts, did the aforesaid parties intend to protect [Sanchez] and/or persons such as [Sanchez] who were lawfully working on the subject premises?
3.  Did the acts and omissions of Defendants result in an unsafe work environment to the detriment of [Sanchez]?
4.  If so, did such acts and omissions constitute breaches of their various contracts?

(Pl.'s Counterstatement of Disputed Material Facts 1-2.)

Local Rule of Civil Procedure 56.1(b) provides, in pertinent part:

*Sanchez v. Innovative Telephone Corporation*
Civil No. 2005-45
Memorandum Opinion
Page 9

his Opposition to Motion for Summary Judgment, Sanchez repeats

his rather bare assertion that he is an intended third-party

beneficiary of the Innovative-Spencely lease.  Sanchez attempts

to support that assertion, however, with only general statements

of third-party beneficiary law.  Sanchez does not cite any

specific language in the Innovative-Spencely lease that might

evidence Innovative's and Spencely's intent to benefit him. *See*,

*e.g.*, Airport *Properties Ltd. Partnership*, 1991 U.S. App. LEXIS

5350, at *16-17 ("Even if there was a contract, there is no

evidence, however, that shows that [the plaintiffs] were intended

as beneficiaries."); *cf. S. Ala. Pigs, LLC v. Farmer Feeders,

Inc.*, 305 F. Supp. 2d 1252, 1265 (M.D. Ala. 2004) (finding that

the plaintiff had "met its burden and demonstrated that it is a

third-party beneficiary to the contract" where the contract

specifically referred to the plaintiff).  Similarly, Sanchez does

not provide any extrinsic or contextual evidence to show

---

> Any party adverse to a motion [for summary judgment]
> may respond by serving a notice of response,
> opposition, brief, affidavits and other supporting
> documentation.  The non-moving party must respond to
> the facts upon which the movant has relied . . ., using
> the corresponding serial numbering and either (i)
> agreeing that the fact is undisputed; (ii) agreeing
> that the fact is undisputed for the purpose of ruling
> on the motion for summary judgment only; or (iii)
> demonstrating that the fact is disputed.

LRCi 56.1(b).  To the extent Sanchez poses four questions in his
Counterstatement of Disputed Material Facts, his responsive
pleading is deficient.

*Sanchez v. Innovative Telephone Corporation*
Civil No. 2005-45
Memorandum Opinion
Page 10

Innovative's and Spencely's intent to benefit him by virtue of the lease. *Cf. Ellison v. Lovelace Health Sys.*, Civ. No. 99-359, 2000 U.S. Dist. LEXIS 18017, at *11 (D.N.M. July 12, 2000) (finding that an intent to benefit a third-party could be extrapolated from the "close relationship" between the contracting party and the third party).

Consequently, Sanchez has not met his burden of adducing any competent evidence to show that he is an intended third-party beneficiary of the Innovative-Spencely lease. *See*, *e.g.*, *Lucky-Goldstar Int'l (America), Inc. v. S.S. California Mercury*, 750 F. Supp. 141, 144 (S.D.N.Y. 1990) (finding that "[the plaintiff] . . . has not met its burden of showing that the parties to the [contract] clearly intended [the plaintiff] to be a third-party beneficiary of the contract between them").

Accordingly, Innovative's motion for summary judgment as to its lease with Spencely will be granted.

**B.    Innovative-AGES Contract**

Innovative argues that as a matter of law it cannot be liable to Sanchez under its contract with AGES.  In support of this argument, Innovative contends that Sanchez is not a third-party beneficiary of the Innovative-AGES contract because Innovative and AGES did not intend to benefit Sanchez.[6]  As

---

[6]    Innovative also argues that Sanchez fails to identify whether he is an intended or incidental third-party beneficiary

*Sanchez v. Innovative Telephone Corporation*
Civil No. 2005-45
Memorandum Opinion
Page 11

evidence, Innovative points generally to its contract with AGES,
and asserts that the contract intends to benefit only Innovative
or AGES.  Innovative specifically asserts that the Innovative-
AGES contract reflects that the parties intended only to close
and remove the UST and to install the AST.

Innovative has met its initial burden of putting forth
evidence pointing to the absence of any genuine fact dispute
about Sanchez's status as an intended third-party beneficiary
under the Innovative-AGES contract. *See Celotex Corp.*, 477 U.S.
at 325 (noting that the movant's initial burden may be discharged
by showing there is an absence of evidence to support the
non-moving party's case).  Therefore, the burden of persuasion
shifts to Sanchez to come forward with evidence to establish the
existence of a genuine fact dispute to avoid summary judgment.
*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574,
586-87 (1986); *Robertson v. Allied Signal, Inc.*, 914 F.2d 360,
366 (3d Cir. 1990).

---

and that this identification is the first step in determining
whether Innovative is liable to Sanchez.  This argument fails for
two reasons.  First, Sanchez clearly alleges in his complaint
that he is an intended third-party beneficiary. (Compl. ¶ 20.)
Second, even if Sanchez had not claimed to be an intended or
incidental third-party beneficiary, "the notice pleading approach
of the Federal Rules would not appear to require putative third
party beneficiaries to specifically allege in their complaint
that they were intended, as opposed to incidental, third party
beneficiaries of an agreement." *Francis v. Graham Miller Ltd.*,
Civ. No. 558-90, 1991 V.I. LEXIS 19, at *4 (Terr. Ct. Sept. 6,
1991).

*Sanchez v. Innovative Telephone Corporation*
Civil No. 2005-45
Memorandum Opinion
Page 12

In opposition, Sanchez argues that he is a third-party beneficiary of the Innovative-AGES contract.[7]  In support of this contention, Sanchez asserts that under the terms of the contract,

> AGES undertook the responsibility and became contractually obligated to make sure the dismantling and removal of the tank conformed to all applicable safety laws, rules and regulations, and to make sure that all persons working on the project were fully protected and safe.

(Compl. ¶ 15.)  However, Sanchez does not cite any specific language in the Innovative-AGES contract that might evidence Innovative's and AGES's intent to benefit him. *Cf. S. Ala. Pigs, LLC*, 305 F. Supp. 2d at 1265 (finding that the plaintiff had "met its burden and demonstrated that it is a third-party beneficiary to the contract" where the contract specifically referred to the plaintiff).  Nor has Sanchez identified either the source or nature of any of the safety procedures or requirements he invokes.  In short, Sanchez has not adduced any facts based on which the Court could discern any intent on the part of

---

[7]  Courts have consistently held that subcontractors and subagents are not per se intended third-party beneficiaries.  An intent to confer a benefit must still be found. *See Pierce Assoc., Inc. v. Nemours Foundation*, 865 F.2d 530, 536 (3d Cir. 1988); *see also Subaru Distribs. Corp. v. Subaru of Am., Inc.*, 425 F.3d 119, 125-26 (2d Cir. 2005) (noting the rule that "a subcontractor on a construction project is not a third-party beneficiary to the contract between the owner and the general contractor"); *Outlaw v. Airtech Air Conditioning & Heating, Inc.*, 412 F.3d 156, (D.C. Cir. 2005); Restatement (Second) of Contracts § 302 cmt. e & illus. 19 (1981).  It logically follows that an employee of a subcontractor must also show that the contracting parties intended to benefit him.

*Sanchez v. Innovative Telephone Corporation*
Civil No. 2005-45
Memorandum Opinion
Page 13

Innovative and AGES to benefit him. *See*, *e.g.*, *Trient Partners I Ltd. v. Blockbuster Entertainment Corp.*, 83 F.3d 704, 713 (4th Cir. 1996) (affirming a grant of summary judgment where "the plain language of the assignment provisions . . . creates no third party beneficiary obligations . . . ."); *O'Connor v. R.F. Lafferty & Co.*, 965 F.2d 893, 902 (10th Cir. 1992) (affirming a grant of summary judgment where "[n]o evidence of any intent to benefit . . . can be inferred from the text of the . . . agreement . . . ."). Consequently, Sanchez is at most an incidental third-party beneficiary, and thus does not stand to benefit from the Innovative-AGES contract. *See*, *e.g.*, *Glass v. United States*, 258 F.3d 1349, 1355 (Fed. Cir. 2001) (reviewing a contract and finding that "because the [plaintiffs] did not stand to directly benefit under the contract, they are at most incidental beneficiaries of the contract with no rights to enforce the contract . . . ."); Restatement (Second) of Contracts § 302, Illustration 2 (distinguishing between a direct beneficiary and an indirect beneficiary, who is, at most, an incidental beneficiary with no rights to enforce the contract).

Because there are no material facts in dispute with respect to Sanchez's status under the Innovative-AGES contract, the Court will grant Innovative's motion for summary judgment as to its contract with AGES.

*Sanchez v. Innovative Telephone Corporation*
Civil No. 2005-45
Memorandum Opinion
Page 14

## C.    AGES-Devira Contract

Innovative also argues that it cannot be liable to Sanchez under the AGES-Devira contract because no contract existed between Innovative and Devira.  Innovative further asserts that Innovative's contract with AGES does not contemplate the hiring of subcontractors and that, in any case, Innovative lacked control over Devira and thus cannot be liable for Devira's actions.

Innovative has met its initial burden by establishing that it is not a party to the AGES-Devira contract, and thus cannot be liable to Sanchez under that contract. *See*, *e.g.*, *Lake v. Virgin Islands Water & Power Auth.*, 875 F. Supp. 283, 285 (D.V.I. 1994) (finding that the plaintiff "met its initial burden by showing that no genuine issues of material fact exist").

In opposition, Sanchez states that he was an employee of Devira, and baldly maintains that "[a]ll parties to the . . . lease, AGES contract, and Devira contract intended to bestow upon Plaintiff and others similarly situated the benefit and protection of a safe and non-hazardous work environment." (Compl. ¶¶ 18-19.)  Such conclusory assertions, however, are insufficient to survive a motion for summary judgment. *See*, *e.g.*, Fed. R. Civ. P. 56(e) (stating that the nonmoving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon the bald assertions of his pleadings); *Podobnik*

*Sanchez v. Innovative Telephone Corporation*
Civil No. 2005-45
Memorandum Opinion
Page 15

*v. United States Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) ("To survive summary judgment, a party must present more than just 'bare assertions, conclusory allegations or suspicions' to show the existence of a genuine issue.").

Sanchez cites no support for the proposition that a non-party to a contract may be liable to a putative intended third-party beneficiary of that contract.  Nor does Sanchez cite any specific language in the contract to support his intended third-party beneficiary status. *See*, *e.g.*, *Lucent Techs., Inc. v. Gateway, Inc.*, Civ. Nos. 02-2060, 03-0699 and 03-1108, 2007 U.S. Dist. LEXIS 73768, at *46 (S.D. Cal. Oct. 1, 2007) (finding that the plaintiff did not meet "its burden to show that it was an intended beneficiary [where] it point[ed] to no language in the contract which would distinguish whether the primary purpose was to benefit [the contracting parties]").  Moreover, Sanchez does not point to any contextual or extrinsic evidence that he is an intended third-party beneficiary of the AGES-Devira contract.

Sanchez has not met his burden of showing that questions of material fact remain about his third-party beneficiary status of the AGES-Devira contract. *See*, *e.g.*, *MCI Worldcom Network Servs. v. W. M. Brode Co.*, 411 F. Supp. 2d 804, 811 (N.D. Ohio 2006) (granting summary judgment for the defendant where the plaintiff did not meet its burden of proving third-party beneficiary status); *Methodist Hosps. v. Wal-Mart Stores, Inc.*, Civ. No.

*Sanchez v. Innovative Telephone Corporation*
Civil No. 2005-45
Memorandum Opinion
Page 16

02-0656, 2003 U.S. Dist. LEXIS 9148, at *25 (N.D. Tex. May 30, 2003) (granting summary judgment where the plaintiff "ha[d] not met its difficult burden of establishing a contractual third-party beneficiary claim") (applying Texas law).

Accordingly, Innovative's motion for summary judgment with respect to the AGES-Devira contract will be granted.

**IV.  CONCLUSION**

For the reasons stated above, the Court will grant Innovative's motion for summary judgment.  An appropriate judgment follows.


**Dated: November 30, 2007**

                                S\_____
                                    **CURTIS V. GÓMEZ**
                                      **Chief Judge**


copy:     Hon. Geoffrey W. Barnard
          George M. Miller, Esq.
          Douglas L. Capdeville, Esq.
          Carol C. Jackson
          Lydia Trotman
          Claudette Donovan
          Olga Schneider
          Gregory F. Laufer